IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADESOLA BADON, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ID RECOVERY, LLC, RON LOGAN, FRANK FERERRA, PATRICK JACK,<br><br>Defendants | Civil Action No.<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE CERTIFICATION SOUGHT |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Adesola Badon ("Plaintiff"), on behalf of himself and all similarly situated individuals, and files this lawsuit against Defendants National ID Recovery, LLC, Ron Logan, Frank Fererra, Patrick Jack (collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress

the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Defendants.

2.

This action seeks declaratory relief, liquidated damages and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* ("FLSA") during Plaintiff's employment with Defendants.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343(a)(4), and 29 U.S.C. § 216(b).

4.

Defendant National ID Recovery, LLC, is a Georgia Corporation, having a place of business at 5655 Spalding Dr., Norcross, Georgia, 30092. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a citizen of the United States of America and resident of the State of Georgia.

6.

At all relevant times to this Complaint, Plaintiff was an "employee" of Defendants, as defined under 29 U.S.C § 203(e).

7.

Defendant National ID Recovery, LLC ("National ID") was, at all relevant times, the "employer" of Plaintiff, as defined under 29 U.S.C. § 203(d).

8.

Defendant Ron Logan ("Logan") was, at all relevant times, co-owner and Chief Executive Officer of Defendant National ID and, as such, acted directly or indirectly in the interest of an employer in relation to Plaintiff and the members of the Collective Class (see below), as set forth in the definition of "employer" under 29 U.S.C. § 203(d).

9.

Defendant Frank Fererra ("Fererra") was, at all relevant times, co-owner and President or Acting President of Defendant National ID and, as such, acted directly

or indirectly in the interest of an employer in relation to Plaintiff and the members of the Collective Class, as set forth in the definition of "employer" under 29 U.S.C. § 203(d).

10.

Defendant Patrick Jack ("Jack") was, at all relevant times, co-owner and Chairman of the Board of Directors of Defendant National ID and, as such, acted directly or indirectly in the interest of an employer in relation to Plaintiff and the members of the Collective Class, as set forth in the definition of "employer" under 29 U.S.C. § 203(d).

11.

Plaintiff performed non-exempt labor for Defendants within the last three years.

12.

During his employment with Defendants, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

13.

Defendant National ID is a private domestic corporation that is registered in Georgia and is entitled to do business in Georgia. National ID provides identity theft recovery solutions.

14.

Defendant National ID's gross revenues exceed $500,000 per year.

15.

Defendant National ID has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

16.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §207.

## IV. Collective Action Allegations

17.

Plaintiff brings Count I of this Complaint on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who have been employed by

Defendants during the last three years and who were subject to improper salary deductions ("the Collective Class").

18.

On or about January 2010, Defendants held a meeting with Plaintiff and the Collective Class to discuss deductions to their salaries. During that meeting, Defendant Logan stated that the salary deductions would last no longer than three months, and that each employee would be paid back wages for the period in which the employee's salary had been deducted. However, the salary deductions did not end after three months, and Defendants have not paid any back wages to Plaintiff or the Collective Class.

19.

Because of the improper pay deductions, Plaintiff and the Collective Class are no longer deemed to be "salaried employees" within the meaning of the FLSA.

20.

While they were subjected to improper salary deductions, Plaintiff and the Collective Class worked in excess of forty (40) hours per workweek without receiving overtime compensation for all overtime hours worked.

21.

Defendants were aware that Plaintiff and the Collective Class were working more than forty (40) hours per workweek.

22.

Plaintiff and several members of the Collective Class complained about Defendants' improper salary deductions.

23.

While Plaintiff and the Collective Class were subject to improper salary deductions, Defendants failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

24.

Plaintiff and the Collective Class are entitled to overtime pay for their hours worked over forty (40) in a workweek. Defendants' practices violate the provisions of FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendants' unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## V. Violation of the Overtime Wage Requirement of the FLSA

25.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

26.

Defendants have violated FLSA §7, 29 U.S.C. §207, by subjecting Plaintiff and the Collective Class to improper salary deductions and failing to pay overtime wages for time worked in excess of forty (40) hours per workweek.

27.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

28.

Defendants suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per workweek without overtime compensation.

29.

Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly making improper salary deductions and failing to compensate Plaintiff and the Collective Class at the required overtime rate.

30.

Defendants knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

31.

As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Collective Class have suffered a loss of income and other damages. Plaintiff and the Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## VI. Breach of Contract

32.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

33.

At the meeting mentioned in paragraph 18, above, Plaintiff and Defendants entered into a contract under which Plaintiff agreed to continue working for Defendants under a reduced rate for a limited time. In return, Defendants agreed to pay Plaintiff back wages at a rate of $1.50 for every $1.00 deducted. Defendants later confirmed the terms of this contract by drafting a promissory note (attached as Exhibit A and incorporated herein by reference), admitting the back wages owed by Defendants to Plaintiff.

34.

There was a valid offer and acceptance between the parties with adequate consideration. The offer took place when Defendants explained the terms of the allegedly temporary wage deduction. The acceptance took place when Plaintiff agreed to the temporary salary deductions and continued working for Defendants. Plaintiff provided consideration by, *inter alia*, continuing to work for Defendants at a reduced rate.

35.

Defendants have breached the contract by failing to pay Plaintiff those sums of monies that are past due and owing.

36.

Plaintiff has performed all of his contractual obligations and has satisfied any and all conditions precedent to Defendants' contractual obligations.

37.

As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount of at least $23,718.14, for which Defendants are liable.

### **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees as under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(E)   Grant leave to add state law claims if necessary; and

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 26th day of June, 2012.

**BARRETT & FARAHANY, LLP**

/s Benjamin A. Stark            .
Benjamin A. Stark
Georgia Bar No. 601867
Benjamin F. Barrett
Georgia Bar No. 039586

Attorneys for Adesola Badon

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile